# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-696V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ARLYNE ROTHENBERG, | \* | Special Master Corcoran |
| Petitioner, | \* | Filed: October 20, 2016 |
| v. | \* | Interim Attorney's Fees and Costs; Tetanus Diphtheria Acellular Pertussis ("Tdap"); Autoimmune Injury. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard Gage,* Richard Gage, P.C., Cheyenne, WY, for Petitioner,

*Douglas Ross,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM FEES[1]

On July 6, 2015, Arlyne Rothenberg filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] After the filing of numerous medical records, and Respondent's lodging her reaction to the claim in the Rule 4(c) Report, Petitioner indicated that current counsel would be withdrawing and replaced by different counsel. Petitioner is currently preparing an expert report in support of her claim, to be filed later this fall.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $9,283.02 for her prior attorney's work on the matter. *See* Application for Award of Interim Attorney's Fees and Reimbursement of Costs, dated September 21, 2016 (ECF No. 26) ("Fees App."). Respondent objects that an interim fees award is not warranted at this juncture, and otherwise objects to the reasonableness of the requested rates or time billed to the matter. *See* Respondent's Opposition, dated October 6, 2016 (ECF No. 28) ("Opp."). As discussed below, I hereby **GRANT** Petitioner's Motion, awarding at this time interim fees and costs of **$9,283.02.**

## FACTUAL AND PROCEDURAL HISTORY

Ms. Rothenberg, a 59-year-old woman, received the Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on July 21, 2012. *See* Petition at 1, filed July 6, 2015 (ECF No. 1) ("Pet."). Her petition claims, without detail, that she subsequently experienced an autoimmune injury. Pet. at 1. Respondent's Rule 4(c) Report, dated April 12, 2016 (ECF No. 23) ("Report") provides more of the relevant background and factual history of Ms. Rothenberg's circumstances, noting that in September and October 2012, Petitioner sought medical treatment for severe joint and muscle pain that may have been related to preexisting conditions like osteomalacia, but that she surmised had been made worse after receiving the Tdap vaccine. Report at 3-4. Petitioner claims that a subsequent string of other illnesses and symptoms she subsequently suffered (including pain in her joints, bones, and muscles, plus abdominal cramping, neuropathies in her limbs, gastrointestinal distress, and microcytic anemia) were all related to the vaccination. *Id.* at 4-12.

Petitioner's Fees Application includes attorney invoices, and those records (which begin in May 2015) illuminate counsel's conduct throughout the relevant period. *See generally* Fees App. at 4-15.[3] The only attorney who ever worked on the matter was Richard Gage, assisted by two paralegals.

As noted above, the petition was filed in July 2015, two months after counsel obtained the case. Although the limitations cut-off for Vaccine Act claims (three years from onset of alleged vaccine-caused symptoms (Section 16(a)(2))) was approaching, it does not appear that Petitioner needed to act in haste. Thereafter, Ms. Rothenberg began gathering and filing relevant medical records, although the process had not been completed by the end of 2015. I eventually asked Respondent to prepare her Rule 4(c) Report based upon the available record, and she did so in April 2016, asserting that the case was not appropriate for compensation because, among other

---

[3] Petitioner's counsel did not file the billing invoices or other documents supporting the Fees Application as separate exhibits/attachments, but instead filed all invoices and receipts associated with the matter as part of a single, massive file. This is not in keeping with the Court of Federal Claims' procedures for electronic filing. *See* Vaccine ECF Rules, Section IV, Filing Requirements, numbered paragraph 10(a). In the future, counsel should adhere to the Court's procedures when filing voluminous exhibits.

2

things, it required expert support to establish a sufficiently reliable causation theory. *See generally* Report.

The parties participated in a status conference in May 2016, at which time I set July 29, 2016 as the deadline for filing an expert report. Petitioner asked me to extend that deadline to the end of September (ECF No. 25), and I did so, but before the date arrived she filed the present interim fees application, concurrent with Mr. Gage's motion to withdraw from the case. ECF No. 27.

Petitioner's Fees Application requested compensation for Mr. Gage, in the total sum of $3,240.00, for work performed from May 2015 to September 2016 at an hourly rate of $300 per hour. Fees App. at 8-10. Petitioner also asked for compensation for the time of two paralegals during the same period, both calculated at the rate of $112 per hour, for a total sum of $4,267.20. *Id.* at 11-15. And she asks for $1,755.82 in costs, including initial filing fee and document collection and photocopying costs, among other things. *Id.* at 16-28. After receiving the Fees Application, I conducted a status conference with the parties on September 26, 2016, at which time I was informed that another attorney would be shortly appearing for Ms. Rothenberg. I therefore set October 14, 2016 as the deadline for Respondent to react to the Fees Application (while inviting Respondent to consider resolving the interim fees request informally).

On October 6, 2016, Respondent opposed the fees request. Respondent argued that Petitioner had failed to make the special showing required to justify an award of interim fees and costs under the circumstances of this case.[4] Opp. at 2. The proceedings had not been protracted, Respondent maintained, and there was no evidence of other litigation-related difficulties that justified an interim award. *Id.* at 2-3. Respondent also questioned whether interim fees awards should be allowed simply on the occasion of counsel's withdrawal from a case. *Id.* at 4. Respondent instead urges that I defer ruling on the motion, applying my discretion later in the case's life to evaluate if an award is appropriate. *Id.* at 4. Respondent did not, however, lodge any specific objections to the magnitude of fees requested, characterizing the sums at issue as "not an unreasonable amount." *Id.* at 1.

---

[4] The awarding of interim fees must be based on the more general factors that special masters consider in their discretion to award reasonable fees and costs to unsuccessful petitioners (given that an interim request, being made in a case that has yet to be adjudicated, is literally made in the context of an "unsuccessful" petition). Thus, a special master asked to make an interim award must consider if (a) the petition was brought in good faith; and (b) there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012); *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 303 (2011) (applying good faith/reasonable basis test to interim fee request). Although Respondent has not challenged either good faith or reasonable basis, I have independently seen nothing that would suggest either factor weighs against an interim fees and costs award under the circumstances.

Petitioner has filed no reply in further support of the interim fees application, so the matter is now ripe for resolution.

## ANALYSIS

I. **Propriety of Interim Award Generally in This Case.**

I have previously discussed at length the legal standards, and other relevant considerations, applicable to interim fees requests. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at \*6-9 (Fed. Cl. Spec. Mstr. May 20, 2016). Respondent maintains that an interim award is inappropriate because Petitioner cannot make a particularized showing of hardship - by establishing, for example, that the case has been "protracted," or involves inordinate expert costs. Opp. at 2-3. The best way of evaluating the propriety of an interim award is by considering all the factors together and balancing them out. *See, e.g.*, *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at \*5-6 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In addition, as numerous special masters have observed, an attorney's withdrawal can be an appropriate occasion for an interim award, even though (as Respondent asserts) it is not automatically so. *Smirniotis v. Sec'y of Health & Human Servs.*, No. 14-617V, 2016 WL 859057, at \*2 (Fed. Cl. Spec. Mstr. Feb. 12, 2016) (citations omitted).

Overall, I find that this case's circumstances justify an interim award. Compensating withdrawing counsel assists the efficient resolution of a matter, taking off the table an issue that would inevitably have to be addressed at a later date. I also do not find that withdrawal here is a signal of the claim's weakness. Indeed, this is not a case in which the underlying claim's reasonable basis has been called into question, nor has Respondent otherwise objected to the magnitude of fees and costs requested. In the exercise of my discretion, I find it appropriate to pay withdrawing counsel under such circumstances.

II. **Challenges to the Amounts Requested for Petitioner's Attorneys and Costs**

In my recent decision in *Auch*, I determined (after application of the law relevant to setting a proper hourly rate for Program counsel practicing outside the Court's forum, like Mr. Gage) that Mr. Gage should be paid $300 per hour for work performed in 2015. *Auch*, 2016 WL 3944701, at \*12. Petitioner has requested that amount for all work performed in this case without objection from Respondent. I find that the hourly sum requested is reasonable, and hereby award it. I also award all time billed to the matter by Mr. Gage. Based on a general review of the timesheets submitted, it appears the tasks performed on the case to date were reasonable.

I will similarly award all categories of costs requested herein. Paralegal work performed on this matter seems to have been reasonable in scope overall, and the hourly rate requested is

consistent with my prior decisions involving Mr. Gage. *Id.* at *15. The copying, filing, and other litigation-related costs are also reasonable, unopposed in substance by Respondent, and thus included in my award.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and Costs, awarding **$9,283.02** in interim fees and costs, in the form of a check payable jointly to Petitioner and Mr. Richard Gage. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.